## In re BARTON (two cases).

Court of Appeals of District of Columbia. Submitted January 16, 1929. Decided February 4, 1929.

Petition for Rehearing Denied February 16, 1929.

Nos. 2109, 2110.

998

Arthur E. Dowell, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Patent Office.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. These are companion appeals, No. 2109 being from the decision of the Patent Office rejecting claims 1 to 10, inclusive, 14, 22, and 23. In No. 2110 the appeal is from the rejection by the Patent Office of claims 1, 2, 3, 5, 6, 7, 8, 13, 15, and 19 to 24, inclusive.

The claims in No. 2109, as stated by the Patent Office, relate "to a power take-off device which is applied to the front of a Ford for the purpose of operating a belt. The usual belt pulley is removed and a substitute applied. A supporting bracket is attached in front of the pulley and a shaft mounted in the bracket and on the belt pulley. A frame carrying a pulley is removably mounted on the bracket, and the mounting of this frame causes an engagement of the shaft with both the drive shaft of the motor and the shaft of the pulley."

Thirteen claims were allowed appellant, and the appealed claims were rejected as being too broad, in view of the references, particularly the patents to Smith, 1,319,806, Kellogg, 1,295,991, and Strickland, 1,376,903. We have carefully examined the record and appellant's exhaustive brief, and are convinced of the correctness of the Patent Office conclusions. It would serve no useful purpose to repeat the reasoning of the tribunals of the Patent Office, and we therefore affirm the decision.

In No. 2110 appellant has substituted a pump secured to the frame, in place of the drive pulley on the shaft of the structure disclosed in No. 2109, as the mechanism operated by the shaft, and has also added a manually operated cam lever to shift the movable shaft to engage the clutch members. In this case eight claims were allowed, and the rejected claims were held unpatentable over the prior art, including the references cited in the preceding case. The Office further cited as a reference the application in the preceding case. It was contended that this was error.

The ruling was in accordance with the decision of this Court in Re Isherwood, 46 App. D. C. 507, and the decision of the Circuit Court of Appeals for the Second Circuit in National Electric, etc., Co. v. Automatic Ticket R. Corp., 15 F.(2d) 257, in which the court said: "But the point of this case is, not that the two Sullivan patents were copending, but that what the patentee knew, and put into his earlier application, he could not assert to be new when he filed his later one. His second step could only begin where his first stopped. His knowledge is not imputed to him by any proceeding in the Patent Office; he acquired it by the efforts of his own mind." Certiorari was denied by the Supreme Court of the United States, National Electric, etc., Co. v. Automatic Ticket R. Corp., 273 U. S. 764, 47 S. Ct. 477, 71 L. Ed. 880. See, also, Barber-Colman Co. v. Withnell (C. C. A.) 20 F.(2d) 373, 376.

Appellant relied upon Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co. (C. C. A.) 22 F.(2d) 259, and Permutit Co. v. Refinite Co. (C. C. A.) 27 F.(2d) 695. In the first of these cases it was held that, if the claims of two patents issued on copending applications by the same person are for separate inventions, the last issued is valid, without patentable advance over the disclosure of the first. In other words, where the first discloses, but fails to claim, an invention which is claimed in a copending application, there is a presumption rebutting any intent to abandon the invention disclosed, but not claimed, in the first application. In the second case, reliance is placed upon the first.

It is apparent that these cases are not inconsistent with the ruling of the Patent Office in this case. Certainly what is disclosed and claimed in one application ought not to be included in a later copending application.

For the reasons fully stated by the Patent Office tribunals, the decision in this case is likewise affirmed.

Affirmed.